UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
RHODE ISLAND STATE PIER             )
PROPERTIES, LLC,                    )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   C.A. No. 12-198 S
                                    )
CARGILL, INC.,                      )
                                    )
        Defendant.                  )
_____)

**ORDER**

WILLIAM E. SMITH, United States District Judge.

Before the Court is Plaintiff's Motion to Supplement the Record (ECF No. 24) following Magistrate Judge Sullivan's Report and Recommendation (the "R&R," ECF No. 23) regarding each party's motion for summary judgment. The district court has discretion over whether to accept additional evidence. Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition [of the magistrate judge]; receive further evidence; or return the matter to the magistrate judge with instructions."). Plaintiff seeks to supplement the record with (i) an Affidavit of Patrick Conley, with attachments; and (ii) an Affidavit of John Boyajian, with attachments.

The Affidavit of Patrick Conley is designed to demonstrate that the costs incurred by Plaintiff in developing its land were substantially greater than the amount considered in the R&R and caused Plaintiff to lose money upon sale of the property. Plaintiff asserts that the "balance of the equities" therefore tips in its favor for purposes of its unjust enrichment claim. However, Plaintiff fails to consider that the recommendation of the R&R to grant Defendant's motion for summary judgment was in no way based on the amount expended by Plaintiff. Rather, "[Plaintiff's] theory fails because it assumes that a property owner may be liable for unjust enrichment whenever a neighbor, acting for his own benefit, improves his own property and, without permission, that of his neighbor." (R&R at 12.) Without deciding the merits of the reasoning in the R&R or ruling on Plaintiff's objection to it, the Court concludes that the Affidavit of Patrick Conley is irrelevant to that analysis. Therefore, the Motion to Supplement the Record with respect to this Affidavit is denied. Cf. *Jasty v. Wright Med. Tech. Inc.*, 528 F.3d 28, 34 (1st Cir. 2008) (ruling that the district court did not abuse its discretion by refusing to consider new evidence in connection with an objection to a report and recommendation because the evidence was not probative of the issue upon which the recommendation was based).

On the other hand, the Court will allow Plaintiff to supplement the record with the Affidavit of John Boyajian. The R&R recommended denying Plaintiff's motion for summary judgment because Judge Sullivan determined that a material issue remains as to whether Defendant had knowledge of Plaintiff's bankruptcy petition. She reasoned that Defendant would have been required to assert its claims against Plaintiff during the bankruptcy proceedings if it had knowledge of such proceedings. (See R&R at 19-21.) The Affidavit and its attachments provide evidence that Defendant was, in fact, notified of Plaintiff's bankruptcy. Without necessarily being dispositive of the issue underlying Judge Sullivan's recommendation, this evidence is undeniably relevant and is therefore admitted into the record of this case.

For the reasons stated above, Plaintiff's Motion to Supplement the Record is GRANTED with respect to the Affidavit of John Boyajian and DENIED with respect to the Affidavit of Patrick Conley.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: July 15, 2013