```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
RHODE ISLAND STATE PIER            )
PROPERTIES, LLC,                   )
                                   )
            Plaintiff,             )
                                   )
       v.                          )    C.A. No. 12-198 S
                                   )
CARGILL, INC.,                     )
                                   )
            Defendant.             )
_____)
```

### MEMORANDUM AND ORDER

WILLIAM E. SMITH, United States District Judge.

This matter is before the Court on Plaintiff's objection to the Report and Recommendation ("R&R") of United States Magistrate Judge Patricia A. Sullivan, dated May 31, 2013. (ECF No. 23.)  The R&R recommended granting a motion for summary judgment of Defendant Cargill, Inc. ("Cargill") on all counts against it, and denying the motion for summary judgment of Plaintiff Rhode Island State Pier Properties, LLC ("RISPP") on all of Cargill's counterclaims.  For the reasons set forth below, pursuant to 28 U.S.C. § 636(b)(1), Plaintiff's objection is overruled with respect to Defendant's motion for summary judgment (ECF No. 13) and sustained with respect to Plaintiff's motion (ECF No. 15).  Accordingly each party's motion for summary judgment is GRANTED.

As explained more fully in the R&R, this case began as a contract dispute after RISPP performed major construction work on its waterfront property in Providence, Rhode Island. Plaintiff's property was located adjacent to the property of Defendant Cargill, Inc. ("Cargill"), and Plaintiff argues that Defendant benefited from this construction.  Therefore, RISPP filed a complaint against Defendant (1) claiming entitlement to equitable indemnification and (2) suing Defendant for (i) breach of contract and (ii) unjust enrichment.

During RISPP's construction on its lots, Cargill was performing ongoing environmental remediation on its lots and on RISPP's lots.  After Plaintiff filed its Complaint, Cargill filed counterclaims seeking indemnification and contribution and alleging breach of contract and unjust enrichment, all related to the environmental remediation that Cargill performed on RISPP's property.

Both Plaintiff and Defendant filed motions for summary judgment on the claims asserted against them.  Judge Sullivan recommended granting Defendant's motion on all counts and denying Plaintiff's motion.  Plaintiff objects to the recommendation to grant Defendant's motion with respect to Plaintiff's unjust enrichment claim and to the recommendation to deny Plaintiff's motion, but Plaintiff poses no objection to the recommendation as to the claims for equitable indemnification

2

and breach of contract. A district court reviews de novo any portion of a report and recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). All other portions of a report and recommendation the court need only review for clear error. Aljammi v. Wall, C.A. No. 09-375, 2009 WL 3615977, at *1 (D.R.I. Oct. 30, 2009).

The reasoning behind the recommendation to grant Defendant's motion for summary judgment with respect to Plaintiff's claims for equitable indemnification and breach of contract contains no clear error. Therefore, the Court adopts the R&R with respect to those claims pursuant to 28 U.S.C. § 636(b)(1).

The Court further adopts the recommendation to grant Defendant's motion with respect to Plaintiff's claim for unjust enrichment. As set out in the R&R, in order to prevail on a claim for unjust enrichment, RISPP must prove that: (1) it conferred a benefit upon Cargill, (2) Defendant Cargill appreciated the benefit, and (3) it would be inequitable for Cargill to retain the benefit without paying for its value. (See R&R at 11-12.) The Magistrate Judge found that RISPP's theory of unjust enrichment "fails because it assumes that a property owner may be liable for unjust enrichment whenever a neighbor, acting for his own benefit, improves his own property, and, without permission, that of his neighbor." (R&R at 12.)

3

As a matter of law, RISPP's unjust enrichment claim fails because the undisputed facts establish that RISPP did in fact perform the work unilaterally for its own benefit. Cargill did not request that RISPP perform the work and, thus, equity does not require that Cargill contribute to the costs of the work. Restatement (Third) of Restitution and Unjust Enrichment § 2 (2011) ("Improvements to A's property increase the market value of B's adjoining land. B sells and realizes substantial additional proceeds as the result of A's expenditure. B is not liable to A in restitution.")

Plaintiff argues that the Magistrate Judge under-estimated the expense that Plaintiff incurred in renovating its property. Therefore, according to Plaintiff, the "balance of the equities" favors Plaintiff, which may recoup from Defendant a portion of its substantial costs. This argument has no bearing on Magistrate Sullivan's conclusion that Plaintiff performed the construction work in a self-interested attempt to attract a developer to buy its lots. (See R&R at 13.) Any collateral benefit that may have accrued to Cargill was not unjust.

Plaintiff also argues that the failure of Cargill or the Rhode Island Department of Environmental Management to stop its clearing and grading creates a factual dispute regarding whether Cargill appreciated an unjust benefit. However, Cargill did not give RISPP permission to proceed, did not know about RISPP's

4

intent to perform the work and explicitly opposed RISPP's actions. As such, this Court agrees with Magistrate Judge Sullivan's conclusion that Cargill is entitled to summary judgment on RISPP's claim for unjust enrichment.

Plaintiff also objects to the denial of its motion for summary judgment on Cargill's counterclaim. Magistrate Judge Sullivan denied RISPP's motion for summary judgment because she concluded that an open issue remained as to whether Cargill had knowledge of RISPP's bankruptcy. RISPP argues that summary judgment is appropriate on Cargill's counterclaims because the counterclaims arose prior to 2010 when RISPP filed for bankruptcy and the discharge of its debts terminated the claims because Cargill failed to file a claim or participate in RISPP's bankruptcy.

As the Magistrate Judge pointed out, a Chapter 11 bankruptcy proceeding "discharges the debtor from any debt that arose before the date of such confirmation." 11 U.S.C. § 1141(d)(1)(A). Under the Bankruptcy Code, the term "debt" includes "liability on a claim." 11 U.S.C. § 101(12). A "claim" includes, inter alia:

> right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.

11 U.S.C. § 101(5).

5

The general rule is "that if the debtor fails to list a supposed creditor's claim — meaning that the creditor will not be notified of the opportunity to participate in the proceeding (and the creditor does not otherwise happen to know of the bankruptcy), the debt is not discharged." Colonial Sur. Co. v. Weizman, 564 F.3d 526, 530 (1st Cir. 2009). Further, "[o]nce a debtor receives a discharge, it is up to the creditor to show that he has not been duly scheduled, and the burden then shifts to the debtor to come forward with evidence that the creditor had notice or actual knowledge of the bankruptcy proceedings." In re Gray, 57 B.R. 927, 931-32 (Bankr. D.R.I. 1986). If the creditor did not receive timely notice or have actual knowledge of the bankruptcy, the claim remains viable despite the bankruptcy. Reyes v. Standard Parking Corp, 461 B.R. 153, 160 (Bankr. D.R.I. 2011).

Neither party contends that Cargill was listed as a creditor during the bankruptcy proceeding, so the burden shifts to RISPP to prove that Cargill had notice or actual knowledge of the bankruptcy to establish that Cargill should be barred from bringing its claims. Gray, 57 B.R. at 931-32. The creditor must have more than mere exposure to statements that a debtor is seeking bankruptcy relief. Id. at 932; 11 U.S.C. § 523(a)(3)(A). The party must have "knowledge of facts sufficient to apprise the creditor that a case was actually

6

filed, and where that proceeding is pending." Gray, 57 B.R. at 932. Magistrate Judge Sullivan found that summary judgment must be denied because material factual issues remained about Cargill's knowledge of RISPP's bankruptcy.

After the R&R was filed, the Court permitted RISPP to supplement the record with email communications from John Boyajian, attorney for RISPP, to Joseph Baker of Cargill that discuss RISPP's bankruptcy petition. (ECF No. 28.) The first email states, "I am counsel to [RISPP] which is presently in a Chapter 11 proceeding in the United States Bankruptcy Court for the District of Rhode Island." (Ex. to Aff. of John Boyajian, Esq., ECF No. 24-3.) This communication itself provides Cargill with sufficient information to assert its claims against RISPP. Therefore, it was incumbent upon Cargill to do so prior to the resolution of RISPP's bankruptcy proceedings. Its failure bars it from asserting its claims now and summary judgment is appropriate with respect to Cargill's counterclaims.

Defendant argues that, even though it was notified of the bankruptcy, it was not notified that it was a creditor to RISPP, so its failure to assert its claim during the bankruptcy proceedings does not deprive it of its ability to do so now. However, the knowledge whether Cargill was a creditor of RISPP would be uniquely within the province of Cargill itself. A debtor need only provide to a creditor sufficient notice of a

bankruptcy proceeding to allow the creditor to assert its claim. <u>Reyes</u>, 461 B.R. at 160. The emails sent to Cargill clearly met this standard.

For the foregoing reasons, this Court accepts the Magistrate Judge's recommendations with respect to Cargill's motion for summary judgment and the motion is GRANTED. Additionally, the supplements to the record remove any material factual issues with respect to Cargill's counterclaims, and Plaintiff's motion for summary judgment is, likewise, GRANTED.

IT IS SO ORDERED:

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date:   September 13, 2013